# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY REDEMANN | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. JFM-10-1675 |
| WARDEN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

Before the court is Gary Redemann's civil rights complaint as supplemented. Redemann, who is proceeding pro se, filed this complaint when he was a pre-trial detainee at the Baltimore City Detention Center (BCDC). Redemann asserts that during the thirty-five days he was imprisoned at BCDC: 1) he was denied daily recreation; 2) he received a total of six hours recreation for the entire time period; 3) he was permitted one shower every three to four days, and then for only fifteen minutes; 4) he was given access to a telephone only five or six times; 5) his commissary privileges were limited to hygiene and writing materials; 6) he was not permitted to purchase food from the commissary; and 7) his access to the law library was limited. He requests injunctive relief and damages.[1] Plaintiff also moves to proceed in forma pauperis. After review of the pleadings and applicable law, the court will grant the motion to proceed in forma pauperis and dismiss the complaint without prejudice.

Where a pretrial detainee raises condition of confinement claims, these claims are evaluated under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The principles are essentially the same as those that apply to Eighth

---

[1] Redemann has been released since filing this complaint. An inmate's release generally renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631,(1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

Amendment claims raised by convicted inmates. *See Riley v. Dorton*, 115 F.3d 1159, 1166-67 (4th Cir.1997), abrogated on other grounds by *Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992).

A claim for unconstitutional conditions of confinement requires demonstration of (1) serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). To demonstrate deprivation of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference is shown where a prison official has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id*. at 847. Additionally, a prisoner must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged conditions. *See Strickler*, 989 F.2d at 1380-81; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Redemann does not claim to have suffered any injury as a result of the conditions he alleges, a requirement for recovering damages under § 1983. *See id.* Further, Redemann does not claim that defendant, the Warden at BCDC, had personal knowledge or involvement in the alleged conditions. To the extent Redemann might be attempting to hold the Warden culpable under a theory of supervisory liability, his claim must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate

2

indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Under these principles, Redemann fails to state a supervisory liability claim.

Federal district courts are required to review dismiss claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570(2007)). In evaluating a complaint, a court "will construe the factual allegations 'in the light most favorable to the plaintiff.'" *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *Battlefield Builders v. Swango*, 743 F.2d 1060, 1062(4th Cir. 1984)).

Mindful that Redemann is proceeding pro se, the court construes the Complaint liberally. However, even when considered under this less stringent standard, the complaint is subject to summary dismissal. The court can ignore a clear failure to allege facts setting forth a federally cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Accordingly, the Court will dismiss the complaint without prejudice. A separate order follows.

August 10, 2010                                                                                          /s/
Date                                                                                        J. Frederick Motz
                                                                                          United States District Judge